UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIJHANDRA SONYA LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>TYLER SOGA, et al.,<br><br>Defendants. | No. 2:21-cv-1144 AC P<br><br><br><br>ORDER |

Plaintiff, a former civilly committed detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

II. Statutory Screening of Complaints for Plaintiff's Proceeding In Forma Pauperis

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

////

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1  III.     Complaint

2       The complaint alleges that defendants Soga and Swearigen violated plaintiff's Fourteenth
3  Amendment rights while she was incarcerated at the Placer County Jail. ECF No. 1 at 5. Plaintiff
4  alleges that prior to her incarceration she was prescribed a liquid medication for her severe
5  heartburn. Id. However, the jail pharmacy provided the medication in pill form only, which did
6  nothing to alleviate her symptoms. Id. Plaintiff's notified defendant Soga that her husband was
7  willing to pick up her prescription from her regular pharmacy and bring it to the jail, and he told
8  her he would consider it and had her sign a release for her medical records. Id. Plaintiff signed
9  the release, but her request was never approved. Id. She further alleges that she was improperly
10 written up for requesting that the nurse crush her pill and that she was prescribed one medication
11 to cure her symptoms, but after she was moved to a higher security jail defendant Soga changed
12 her prescription to a different medication. Id.

13 IV.     Failure to State a Claim

14     A. Personal Involvement

15      "There is no respondeat superior liability under section 1983," Taylor v List, 880 F.2d
16 1040, 1045 (9th Cir. 1989) (citation omitted), and the complaint does not contain any facts
17 showing that defendant Swearigen was personally involved in any constitutional violations or was
18 aware of them and failed to intervene. Instead, it appears that plaintiff has named Swearigen as a
19 defendant based solely on his supervisory position. ECF No. 1 at 4 (identifying Swearingen as
20 the captain who "oversees all the operations of the jail). This is not sufficient to state a claim for
21 relief. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor can be liable for his
22 personal involvement or if there is a sufficient causal connection between supervisor's conduct
23 and violation (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))).

24      To the extent plaintiff may be attempting to state a claim related to her disciplinary write
25 up, she does not identify who wrote her up or provide facts showing how the disciplinary violated
26 her rights. See Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (pretrial detainees may be
27 subjected to punishment for violations of prison rules or policies as long as they are provided a
28 due process hearing).

B. Fourteenth Amendment

Because plaintiff was a civilly committed detainee, her medical claims are analyzed under the Fourteenth Amendment. See Jones v. Blanas, 393 F.3d 918, 931-34 (9th Cir. 2004) (civil detainee's conditions of confinement claims appropriately analyzed under Fourteenth Amendment). A Fourteenth Amendment medical claim against an individual officer includes the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff has failed to state a viable claim against defendant Soga because she has not alleged facts showing that Soga's conduct was unreasonable. The fact that Soga did not approve plaintiff's request to allow her husband to bring in outside medication, without more, does not demonstrate that his actions were unreasonable. There are no facts showing that plaintiff's proposed course of action was permissible at the jail, thereby making it an available measure. Furthermore, although plaintiff states that she signed a release for her medical records, there are no facts showing that Soga ever received those records or that the contents of those records would have made his failure to grant her request unreasonable. Similarly, the fact that plaintiff's prescription was later changed from one medication to another does not state a claim for relief absent additional information regarding why the change in medication was unreasonable and what harm it caused plaintiff.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, she must demonstrate how the conditions about which she complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

4

Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make her first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 1, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE